ORIGINAL

BIRNBERG & ASSOCIATES
CORY A. BIRNBERG (SBN 105468)
1083 Mission St., Third Floor
San Francisco, California 94103
Telephone Number: (415) 398-1040
Facsimile Number: (415) 398-2001

E-filing



Attorneys for Plaintiff
JONAS ROWE

UNITED STATES DISTRICT COURT

Seaman's case, Collect Clerk's fee before termination pursuant to 28 USC 1916.

NORTHERN DISTRICT OF CALIFORNIA

EDL

| | |
|---|---|
| JONAS ROWE, an individual,<br><br>Plaintiff,<br><br>**Plaintiff,**<br><br>vs.<br><br>HORNBLOWER FLEET, its engines, tackle, equipment, furnishings, and machinery, *in rem*, HORNBLOWER CRUISES AND EVENTS, a business entity of unknown form, *in personam*,<br><br>**Defendants.** | CV 11 Case No. **4979**<br><br>SEAMAN'S COMPLAINT IN ADMIRALTY AND AT LAW FOR DAMAGES FOR NEGLIGENCE AND UNSEAWORTHINESS,<br><br>DEMAND FOR JURY TRIAL<br><br>PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON SUPPLEMENTAL STATE LAW CLAIMS<br>LOCAL RULE 3-6<br><br>WITHOUT PRE-PAYMENT OF COSTS<br>28 U.S.C. §1916 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOW COMES PLAINTIFF, JONAS ROWE AND ALLEGES AS FOLLOWS:

BIRNBERG &
ASSOCIATES
1083 Mission Street,
Third Floor
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

COMPLAINT                                1

Case No.

## *JURISDICTION*

1. This Court has jurisdiction pursuant to the general maritime law, 28 U.S.C. §1333 and has jurisdiction pursuant to the Jones Act, 46 U.S.C. §30104.

2. This Court has additional jurisdiction pursuant to 28 U.S.C. § 1367, in that they arise from the same common nucleus of operative facts and same transaction, occurrence or series of transactions and occurrences.

3. Venue in the Northern District is proper pursuant to the provisions of 28 U.S.C. Sec. 1391(b), as it is the judicial district in which these claims arose.

4. Plaintiff JONAS ROWE (hereinafter "Rowe" or "plaintiff") is a citizen of the United States, a resident of the State of California, and at all relevant times mentioned herein employed as a port engineer and a seaman doing seaman's duties. Plaintiff elects to take advantage of the provisions of 28 U.S.C. §1916 and to proceed herein without prepayment of costs or fees, and without security therefore.

5. Defendant vessels, the HORNBLOWER FLEET (hereinafter "Hornblower Fleet") were and now are United States documented motor and/or passenger vessels, and are now or will come within the jurisdictional boundaries of this honorable Court.

6. Plaintiff is informed and believes and thereon alleges that defendant HORNBLOWER CRUISES AND EVENTS (hereinafter "HORNBLOWER") is a business entity based out of California, and doing business in the State of California, that provides cruise services and hosts private events aboard cruise lines as fully set out in their website, and the employer of plaintiff at all relevant times mentioned herein. Plaintiff is informed and believes and thereon alleges that HORNBLOWER was and is the owner of the Hornblower Fleet.

COMPLAINT 2

Case No.

## *FACTUAL ALLEGATIONS*

7. On or around October 18, 2008 while working at the Port of San Francisco for HORNBLOWER, Plaintiff was working to maintain and repair vessels regularly used by HORNBLOWER for public and private events.

8. On or around October 18, 2008, while working as a Port Engineer, assigned on HORNBLOWER vessels, Rowe was ordered to move a 600 lb maritime transformer by himself so that it could be replaced. Rowe pushed the transformer forward with his shoulder, causing damage to the discs in his back.

9. Rowe injured his back and other areas of his body as a result of his attempt to move the transformer. Rowe had disc surgery for his lower back, but also suffered nerve damage to his right foot and leg. Rowe also suffered anxiety, mental suffering, and extreme emotional distress.

10. As a result of the injury, Rowe was unable to perform some of his ordinary job duties. After leaving the vessel, Rowe sought and received medical treatment, including surgery and physical therapy, for his injuries.

## **FIRST CAUSE OF ACTION**

## **JONES ACT NEGLIGENCE**

11. Plaintiff realleges and incorporates by reference paragraphs 1 through 10 hereinabove as though set forth fully below.

BIRNBERG & ASSOCIATES
1083 Mission Street,
Third Floor
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

COMPLAINT 3

Case No.

12. Plaintiff's accident occurred, and plaintiff sustained injuries and damages, as a proximate result of the negligence of the defendant and the defendant through its servants, agents, workmen, and employees in that among other things:

    a. Defendants negligently failed to provide plaintiff with a reasonably safe place to work;

    b. Defendants failed to keep and maintain the vessels and their equipment and appurtenances in a proper and safe condition.

    c. Defendants negligently failed to provide plaintiff with adequate and proper assistance aboard the vessels;

    d. Defendants failed to provide fit, suitable, safe and adequate working surfaces with which plaintiff could perform his tasks aboard such vessels with reasonable safety.

    e. Defendants negligently failed to take proper precautions to provide safeguards to prevent injury and damage to Plaintiff, thereby rendering the ships unseaworthy; and

    f. Defendants failed to provide adequate crewmembers to perform the assign tasks.

13. By reason of the negligence of defendants, plaintiff sustained severe, permanent and disabling injuries, including but not limited to his back and other areas of his body. Plaintiff has suffered anxiety and emotional distress from his injuries. Plaintiff has suffered other leg injuries, the extent of which has not yet been fully determined.

14. As a direct and proximate result of the defendants' negligence, and of the injuries he suffered, plaintiff has been disabled from working at his usual occupation, and has lost wages and earnings thereby; plaintiff will in the future suffer lost wages and has

COMPLAINT 4

Case No.

sustained an impairment of his earning capacity; plaintiff has in the past required and will in the future require medical treatment, care and attention; plaintiff has in the past been, and will in the future be, obligated to expend monies and incur obligations for medical care and attention; plaintiff has in the past and will in the future continue to be disabled from performing his usual duties, occupations, and avocations.

15. By reason of the aforementioned negligence of defendants, plaintiff has suffered general damages in an amount according to proof.

## SECOND CAUSE OF ACTION

## UNSEAWORTHINESS UNDER THE GENERAL MARITIME LAW

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 hereinabove as though set forth fully below.

17. Defendants, by their agents, servants and/or employees, were negligent and the vessels unseaworthy in:

    a. Failing to provide plaintiff with a reasonably safe place to work;

    b. Failing to keep and maintain the vessels and their equipment and appurtenances in a proper and safe condition;

    c. Failing to provide adequate supervision;

    d. Failing to provide proper and adequate crew for the job(s) in question;

    e. Failing to provide sufficient crewmembers to complete the job(s) in question;

    f. Failing to provide the necessary and proper equipment to perform the duties required of plaintiff;

BIRNBERG &
ASSOCIATES
1083 Mission Street,
Third Floor
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

g. The vessels were unseaworthy due to the unsafe nature of their equipment;

h. Failing to render prompt, adequate and proper medical treatment, including the initial medical treatment;

i. Such other conditions of unseaworthiness that were additional substantial factors in causing plaintiff's injuries, including but not limited to insufficient and inadequate equipment, supplies, and unsafe method of operation;

j. The fleet owner, knowing that certain activity would take place, had the absolute duty of furnishing equipment and manpower as would enable that activity to be done in reasonable safety;

k. Failing to warn plaintiff of the aforementioned dangerous and defective conditions;

l. Failing to use due care under the circumstances; and

18. Solely by reason of the negligence of the defendants and the unseaworthiness of the vessels, plaintiff sustained severe, permanent and disabling injuries, including but not limited to his back and other areas of his body. Plaintiff has suffered anxiety and emotional distress from his injuries. Plaintiff has suffered other injuries, the extent of which has not yet been fully determined.

19. Solely by reason of the negligence of the defendants and the unseaworthiness of the vessels, plaintiff has and may in the future be unable to assume his usual duties, occupations and vocations.

20. Solely by reason of the negligence of the defendants and/or the unseaworthiness of the vessels, plaintiff has required and may in the future require medical care, surgical care and hospital care and has incurred and may in the future incur expenses

COMPLAINT                                  6
                                                                    Case No.

for medicines, hospital and medical care to attend to, treat and attempt to alleviate and/or cure his conditions.

21. Solely by reason of the negligence of the defendants and/or the unseaworthiness of the vessels, plaintiff has suffered injuries which have precluded him and may in the future preclude him from fully enjoying the ordinary pleasures of life, and participating in him ordinary activities and vocations; further, he has suffered and will in the future suffer pain, mental anguish, loss of well being and other such tangible losses.

22. By reason of the aforementioned acts and omissions of the defendants and unseaworthiness of the vessels, plaintiff has suffered general damages in an amount according to proof.

23. With respect to the foregoing, regardless of the negligence of defendants, defendants had an absolute duty to provide a seaworthy vessel as to the items enumerated above.

WHEREFORE, plaintiff prays judgment against defendants as follows:

1. That a warrant be issued for the arrest of the Hornblower Fleet and their necessary appurtenances, citing all persons claiming any interest in the aforesaid vessels to appear and answer this complaint;

2. That the liability of defendants be declared to be secured by a valid subsisting maritime lien on the Hornblower Fleet and their necessary appurtenances, prior and superior to the interest, liens and claims of all other persons or entities;

3. That upon a default of payment of the sums of any money judgment, the Court decree that said vessels be condemned and sold and that all persons claiming an interest in said vessels and their necessary appurtenances be forever barred and foreclosed

COMPLAINT 7

Case No.

from all rights of equity or redemption or claim they may have had in or to said vessels and their necessary appurtenances;

4. For general damages according to proof.

5. For such special damages as shall be shown by the proof herein;

6. For prejudgment interest from October 18, 2008;

7. For Plaintiff's costs of suit in this case; and

8. For such other and further relief as the Court may deem just.

DATED: 5 October 2011                    BIRNBERG & ASSOCIATES

                                         By: _____
                                             Cory A. Birnberg, Esq.
                                             Attorneys for Plaintiff,
                                             JONAS ROWE

## DEMAND FOR JURY TRIAL

Plaintiff, JONAS ROWE, hereby demands a jury trial.

DATED: 5 October 2011                    BIRNBERG & ASSOCIATES

                                         By: _____
                                             Cory A. Birnberg, Esq.
                                             Attorneys for Plaintiff

BIRNBERG & ASSOCIATES
1083 Mission Street,
Third Floor
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

COMPLAINT                         8

Case No.