| | |
|---|---|
| 1 | **COX, WOOTTON, GRIFFIN,** |
| | **HANSEN & POULOS, LLP** |
| 2 | Richard C. Wootton (SBN 88390) |
| | Jody T. McCormack (SBN 252453) |
| 3 | 190 The Embarcadero |
| | San Francisco, California 94105 |
| 4 | Telephone No.: (415) 438-4600 |
| | Facsimile No.: (415) 438-4601 |
| 5 | |
| | Attorneys for Defendant |
| 6 | HORNBLOWER YACHTS, LLC dba |
| | HORNBLOWER CRUISES AND EVENTS |
| 7 | |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONAS ROWE, an individual | ) | Case No.: 11-CV-4979-EDL |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S ANSWER TO** |
| v. | ) | **PLAINTIFF JONAS ROWE'S** |
| | ) | **UNVERIFIED COMPLAINT** |
| HORNBLOWER FLEET, its engines, | ) | |
| tackle, equipment, furninshings, and | ) | |
| machinery, *in rem*, HORNBLOWER | ) | |
| CRUISES AND EVENTS, a business | ) | |
| entity of unknown form, *in personam*; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant HORNBLOWER YACHTS, LLC dba HORNBLOWER CRUISES AND EVENTS, ("Defendant"), by and through its attorneys answers Plaintiff Jonas Rowe's Complaint ("Complaint") as follows:

1. Paragraph 1 contains no charging allegations with regard to Defendant, and therefore requires no answer. To the extent that a response is deemed to be required, the allegations are denied.

2. Paragraph 2 contains no charging allegations with regard to Defendant, and therefore requires no answer. To the extent that a response is deemed to be required, the allegations are denied.

-1-

Case No.: 11-CV-4979-EDL

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

3. Paragraph 3 contains no charging allegations with regard to Defendant, and therefore requires no answer. To the extent that a response is deemed to be required, the allegations are denied.

4. As to Paragraph 4 Defendant denies that the Plaintiff JONAS ROWE ("Plaintiff") is a seaman. Defendant admits and alleges that Plaintiff was a port engineer employed by Defendant at all relevant times, however Defendant denies plaintiff's allegation that plaintiff was a seaman doing seaman's duties. Except as so expressly admitted, all other allegations are denied.

5. As to paragraph 5 the term HORNBLOWER FLEET is unintelligible and Defendant denies all allegations in this paragraph on that basis.

6. As to Paragraph 6 Defendant admits that Hornblower Yachts, LLC dba Hornblower Cruises and Events is a business entity based out of California with its principal place of business in San Francisco, CA, and that it was the employer of plaintiff at all relevant times mentioned in the Complaint. Except as so expressly admitted, Defendant lacks sufficient information and belief as to the meaning of the remaining allegations in this paragraph and on that basis denies them.

7. As to Paragraph 7, Defendant admits that the plaintiff was employed by defendant as a port engineer. Other than as expressly admitted, Defendant denies all other allegations contained in Paragraph 7 of the Complaint.

8. As to Paragraph 8, Defendant lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis denies them.

9. As to Paragraph 9, Defendant lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis denies them.

10. As to Paragraph 10, Defendant lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis denies them.

## FIRST CLAIM FOR RELIEF

*(Jones Act Negligence)*

11. Defendant incorporates herein its responses to paragraphs 1-10, inclusive, of the

1     Complaint.

2   12. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

3   13. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

4   14. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

5   15. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

6     WHEREFORE, Defendants pray as hereinafter set forth.

## SECOND CAUSE OF ACTION

*(Unseaworthiness)*

9   16. Defendants incorporate herein their responses to paragraphs 1-15, inclusive, of the
10     Complaint.

11   17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

12   18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

13   19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

14   20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

15   21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

16   22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

17   23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Cause of Action)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that neither Plaintiff's Complaint, nor any of the alleged causes of action therein, state facts sufficient to constitute a cause of action against the Defendant.

## SECOND AFFIRMATIVE DEFENSE

*(Exclusive Remedy is Under Longshore Act)*

AS A SEPARATE AND DISTINCT AFFIMATIVE DEFENSE, Defendant alleges that the causes of action alleged in plaintiff's Complaint are barred by the provisions of 33 U.S.C. §901 *et seq.* and that the plaintiff's exclusive remedy is under the Longshore and Harbor Workers' Compensation Act.

**THIRD AFFIRMATIVE DEFENSE**

*(Contributory Negligence)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff was negligent in and about the matters alleged in the Complaint and in each cause of action therein, and that such negligence contributed directly and proximately to the accident and damages, if any, alleged therein.

**FOURTH AFFIRMATIVE DEFENSE**

*(Comparative Negligence)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the injuries and damages complained of by Plaintiff, if any there were, were directly and proximately caused, either wholly or in part, by the negligence of persons or entities other than Defendant, and that such negligence is either imputed to Plaintiff by reason of the relationship between Plaintiff and such persons or entities, or comparatively reduces the proportion of negligence and corresponding liability of Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

*(Failure to Mitigate Damages)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has unreasonably failed to act in such a manner as to mitigate the damages of which he complains, if any there were.

**SIXTH AFFIRMATIVE DEFENSE**

*(Primary Duty Rule/Walker Doctrine)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that its liability should be reduced or eliminated pursuant to Plaintiff's breach of one or more duties under the General Maritime Law, including but not limited to the primary duty rule or the "*Walker* doctrine." Specifically, Defendant alleges that the claimed unseaworthy condition, if any, was due wholly and solely to a failure on Plaintiff's part to perform the duties that were assigned to him.

//

## SEVENTH AFFIRMATIVE DEFENSE

*(Unclean Hands)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is precluded from recovery against Defendant pursuant to the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

*(Liability for Non-Economic Damages)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant states that, should the plaintiff recover non-economic damages against Defendant, the liability for non-economic damages is limited to the degree of fault and several liability of Defendant and a separate, several judgment shall be rendered against Defendant based upon Defendant's degree of fault and several liability.

## NINTH AFFIRMATIVE DEFENSE

*(Other Defenses Available)*

AS A SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## REQUESTED RELIEF

WHEREFORE, Defendant hereby requests that Plaintiff take nothing by virtue of the Complaint on file with this Court, that the Complaint and each cause of action therein be dismissed with prejudice, that judgment be entered in favor of Defendant, including its costs of suit herein, and for such other and further relief as the Court deems just and proper.

//
//
//
//

-5-     Case No.: 11-CV-4979-EDL
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff has filed a Demand for Jury Trial. Defendant also requests a jury trial in the event that plaintiff should withdraw his demand.

Dated: November 9, 2011

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Defendants
HORNBLOWER YACHTS, LLC dba
HORNBLOWER CRUISES AND EVENTS

By _____/s/_____
                Richard C. Wootton